IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr67-MHT |
| | ) | (WO) |
| FREDDY LEE THOMAS | ) | |

ORDER

This cause is before the court on the joint motion to continue trial (Doc. 38). For the reasons set forth below, the court finds that jury selection and trial, now set for December 12, 2022, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

>officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from that 70-day interval any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Thomas in a speedy trial.  The parties represent that they need more time to brief and

2

address the pending motion to suppress (for which the parties have also filed a joint motion to continue) and potentially to conduct plea negotiations, as informed in part by any developments related to suppression. The court sees no evidence of a lack of diligence on counsel's part. A continuance is necessary so that the parties have the reasonable time necessary to complete these tasks, the court has the time necessary to resolve the pending motion, and the motion is resolved sufficiently in advance of the plea deadline to permit the parties' negotiation.

* * *

Accordingly, it is ORDERED as follows:

(1) The joint motion to continue trial (Doc. 38) is granted.

(2) The jury selection and trial, now set for December 12, 2022, are reset for February 6, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr.

3

United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 23rd day of September, 2022.

                                        /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**